UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIHAD Y. YOUNAN,

    Plaintiff,

                                                            Case No. 11-13881

-vs-                                                     HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a Social Security case. Plaintiff Nihad Younan (Younan) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security benefits. Younan claims disability since January 1, 2008, due to diabetes, high blood pressure, depression, back and neck pain, high cholesterol, and "forgetful[ness]". An administrative law judge (ALJ) conducted a hearing and found that Younan's impairments were not severe, in that they did not significantly limit her ability to perform basic work-related activities. As a result, the ALJ concluded that Younan is not disabled and her claim was denied.

Younan brings this case under 42 U.S.C. § 405(g) and seeks reversal of the ALJ's decision denying benefits. The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a Report and

Recommendation (R&R). The MJ recommends that Younan's motion for summary judgment be denied, the Commissioner's motion be granted, and the ALJ's decision be affirmed. Younan objects to the MJ's R&R. For the reasons that follow, the Court will adopt the MJ's R&R, overrule plaintiff's objections and deny her motion for summary judgment, and grant defendant's motion for summary judgment.

## II. Facts

The MJ's R&R accurately sets forth the facts, which are summarized here.

### A. Background

On May 28, 2009, Younan filed an application for Social Security benefits alleging disability beginning on January 1, 2008. Her claim was initially denied on August 26, 2009.

On July 9, 2010, an ALJ held a hearing on Younan's claim. On July 16, 2010, the ALJ found that Younan was not disabled under the Social Security Act and denied the claim. The Appeals Council denied review on June 30, 2011.

On September 6, 2011, Younan filed this case for judicial review of the ALJ's final decision. On August 14, 2011, the MJ issued a R&R recommending that the ALJ's decision be affirmed and the Commissioner's motion for summary judgment be granted. Younan filed an objection to the R&R, arguing that the MJ failed to properly review the ALJ's determination that Younan's combination of impairments was not severe enough to constitute a disability.

### B. Testimony Before the ALJ

The ALJ based his decision on Younan's testimony and the medical evidence of record. Each was described in detail in the R&R and will be summarized here.

### 1. Younan's Testimony

On July 9, 2010, Younan testified that she had consistent head, neck and back aches. She stated that she can only walk for fifteen minutes before experiencing pain. On a scale of 1 to 10, she rated her pain as a 7 or 8, and sometimes a 10.

In an undated disability report, Younan indicated that her ability to work is limited by diabetes, high blood pressure, depression, back and neck pain, high cholesterol, and "forgetful[ness]". She stated that she was unable to stand or walk for long periods of time. Through her function reports, Younan said that she is able to cook, clean, vacuum, wash dishes, make tea, attend church and go shopping.

Younan reported being seen by several medical providers regarding her conditions. She also reported taking calcium and Fosamax (to "strengthen bones"), Diovan and Norvasc (for high blood pressure), Glucophage (for diabetes), Hydrodiuril (a diuretic), Neurontin (for leg pain), Valium (to help her sleep), Zocor (for cholesterol), and Zoloft (for depression). She reported no side effects associated with these medications.

### 2. Medical Evidence

Younan's medical records show that she received treatment from her primary care practitioner, Dr. Nada Hana. Dr. Hana's treatment of Younan was generally routine and conservative. Dr. Hana's treatment notes indicate that her diabetes and blood pressure were generally well-controlled and that she incurred no significant physical symptoms or limitations from those illnesses. Dr. Hana also noted that on numerous occasions, Younan was not taking the prescribed medicine or complying with the recommendation of diet and exercise.

Despite claiming that her back pain, neck pain, and depression were severe, Younan did not consistently report these symptoms to Dr. Hana. She first mentioned back pain to Dr. Hana in February, 2010. Subsequent tests and objective medical imaging revealed generally mild conditions.

After Dr. Hana's suggestion, Younan attended four physical therapy sessions with the Guardian Angels Outpatient Rehabilitation. After just two sessions, Younan reported that her neck pain had decreased to a 3 out of 10 and lumbar pain to a 2 out of 10. She was discharged after the fourth session, where she indicated that her pain had decreased and was intermittent.

Younan reported that she was feeling depressed on only four of her fourteen visits to Dr. Hana. Despite noting that her mood and affect were normal, Dr. Hana diagnosed her with "depressive disorder" and continued to prescribe her with Zoloft and Valium. He then referred her to Dr. Hadad for further treatment.

From May 11, 2009 through May 21, 2010, Younan received mental health treatment at the Arab-American and Chaldean Council. She was treated by Dr. Hadad, a psychiatrist, and Cindy Hindo, a psychologist. During her meeting with Hindo on May 11, 2009, Younan appeared depressed and had a flat affect. Hindo diagnosed Younan with PTSD and major depressive disorder (recurrent, severe) and advised her to continue with medication and therapy. Hindo's counseling notes from June, July, and August 2009 showed a stark improvement, indicating that Younan was in fair and stable condition.

During her meeting with Dr. Hadad, Younan denied any symptoms of PTSD. Dr. Hadad diagnosed Younan with major depressive disorder, single episode, severe and

4

assessed a Global Assessment of Functioning score of 60 to 65, which indicates some mild symptoms but also the ability to generally function pretty well. Dr. Hadad prescribed Valium, Cymbalta, and Neurontin, noting that Younan had already been prescribed Neurontin, but was not compliant in taking it. Following this evaluation, Dr. Hadad's treatment notes reflect that no further medication adjustments were necessary. Subsequent meetings with Dr. Hadad indicated slow but gradual improvement. Despite indicating that she still felt depressed, Younan reported that she was feeling a lot better and that her medications were working. On April 13, 2010, Younan appeared in "fair and stable" condition.

On August 22, 2009, Sonia Dewberry, a state agency Single Decisionmaker, conducted a case analysis and concluded that Younan's allegations of back and neck pain, diabetes, and depression were "non severe." Dr. Kokila Sheth, a state agency psychiatrist, completed a Psychiatric Review Technique form and concluded that Younan had "depressive disorder," but it was not severe. Dr. Sheth further concluded that Younan had only mild limitations in her activities of daily living and social functioning.

### C. The ALJ's Findings

The ALJ applied the five-step sequential analysis per the Commissioner's regulations and determined that Younan was not disabled. At Step One, the ALJ determined that Younan had not engaged in substantial gainful activity since May 28, 2009. At Step Two, the ALJ found that Younan had medically determinable impairments of diabetes mellitus, hypertension, low back pain, and major depressive disorder, single episode. However, the ALJ found that Younan does not have an

impairment or combination of impairments that has significantly limited (or is expected to significantly limit) her ability to perform basic work-related activities for twelve consecutive months; therefore, the ALJ concluded that Younan does not have a severe impairment or combination of impairments.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo*. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV. Law and Discussion

The MJ's R&R concluded that the ALJ's denial of benefits is supported by substantial evidence. Younan argues that the MJ merely restated the ALJ's conclusory findings, failing to properly determine that Younan's combination of physical and mental

impairments significantly limit (or are expected to significantly limit) the ability to perform basic work related activities for 12 consecutive months. Younan contends that the ALJ erred by concluding that Younan was not disabled at Step Two.

Younan's objection does not raise any new issues but primarily restates her arguments from her motion for summary judgment, which the MJ correctly addressed and rejected in his R&R. Younan's arguments are without merit.

### A. Standard of Disability

The Commissioner utilizes a five-step sequential evaluation to determine whether a claimant meets the statutory standard for "disability." See 20 C.F.R. § 416.920(a)(4); see also Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). If the Commissioner dispositively finds that an individual is either disabled or not disabled at any step in this review, he does not review further. See 20 C.F.R. § 416.920(a)(4).

The relevant inquiry for this case is Step Two. At Step Two of the sequential evaluation process, the ALJ must consider whether a claimant has a severe impairment. See 20 C.F.R. §416.920(a)(4). "To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the applicant was 'disabled,' as defined by the Act . . . ." Despins v. Comm'r of Soc. Sec., 257 Fed. App'x 923, 929 (6th Cir. 2007). The applicable regulations generally define a "severe" impairment as an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability" to do basic work activities. 20 C.F.R. §416.920(c).

### B. Younan's Physical Impairments

The MJ was correct to conclude that the ALJ's determination of non-disability regarding Younan's physical impairments was supported by substantial evidence.  Dr. Hana's treatment of Younan's diabetes and hypertension was generally routine and conservative.  His treatment notes indicate that her diabetes and blood pressure were generally well-controlled and that she incurred no significant physical symptoms or limitations from those illnesses.

With respect to Younan's neck and back pain, there was sufficient evidence in the record to support a finding of non-disability.  The MJ correctly noted that Younan did not consistently report these symptoms to Dr. Hana.  If the pain was a 7 or 8, and sometimes a 10 out of 10, as she testified before the ALJ, she presumably would have reported the pain to Dr. Hana.  Younan also attended physical therapy sessions for her back and neck pain.  She was discharged after four sessions after she reported that her symptoms were better.

Younan also reported that that she is able to cook, clean, vacuum, wash dishes, make tea, attend church and go shopping.  These activities are highly inconsistent with a severe back or neck impairment.

Sonia Dewberry also concluded that Younan's allegations of back and neck pain were "non severe."

For all of the above reasons, the MJ's conclusion that Younan's physical impairments, alone or in combination, are not severe is supported by substantial evidence.

### C.  Younan's Mental Impairments

The MJ correctly addressed Younan's mental impairments in the R&R as well. Younan reported that she was feeling depressed on only four of her fourteen visits to Dr. Hana. Despite noting that her mood and affect were normal, Younan was referred to Dr. Hadad and Cindy Hindo.

Hindo noted that Younan appeared depressed and had a flat affect during their first meeting but Hindo's counseling notes from June, July, and August 2009 demonstrated a substantial improvement. These notes indicate that her depression was not severe.

Dr. Hadad also demonstrated that Younan experienced gradual improvement in regards to her mental impairments. Younan conveyed to Dr. Hadad that she was feeling a lot better and that her medications were working. On April 13, 2010, Younan appeared in "fair and stable" condition.

Dr. Sheth concluded that Younan had "depressive disorder," but it was not severe. Dr. Sheth further opined that Younan had only mild limitations in her activities of daily living and social functioning.

In conclusion, there was sufficient evidence to determine that Younan's mental impairments were not severe.

### D. Younan's Other Arguments

Younan's argument that the ALJ erred by only relying on Dr. Sheth's opinion is without merit. Dr. Hana's, Dr. Hadad's and Hindo's opinion are all in agreement that her combinations of impairments were not severe. Her daily activities are also highly inconsistent with her alleged level of impairment. Neither the ALJ nor the MJ

disregarded the evidence of record because they both employed it in its entirety to arrive at their conclusions.

Younan's argument that the ALJ failed to consider the side effects of her medication is also without merit. Younan did not report any side effects to any of her treating or examining doctors.

Finally, the MJ did not fail to consider the nature of mental impairments as fluctuating. Both Dr. Hadad and Hindo observed a steady improvement in her depression and mental impairments. They both also noted that she had had a fair and stable condition. Dr. Sheth also made an independent conclusion that her mental impairments were not severe.

### V. Conclusion

The MJ's R&R is adopted by the Court as supplemented by the above discussion. Both the MJ's and the ALJ's decision accurately states the applicable legal standards and are both supported by substantial evidence. For the reasons stated in the MJ's R&R and above, Younan's objections are OVERRULED, her motion for summary judgment is DENIED, and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.[1]

SO ORDERED.

Dated: November 7, 2012   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

---

[1] Following oral argument Younan filed an addendum to his brief (Doc. 34). The argument in his addendum (i.e. that Younan could have been found disabled under Grid Rules 202.01 and 203.10) does not persuade the Court that its conclusion that the ALJ's decision is supported by substantial evidence is erroneous.

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Wednesday, November 7, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160